Filed 9/24/14  P. v. Bacci CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JOSHUA JOHN BACCI,<br><br>  Defendant and Appellant. | H039954<br>(Santa Cruz County<br> Super. Ct. No. F20465) |

Defendant Joshua John Bacci appeals from a judgment entered after he admitted a probation violation and his probation was revoked.

In 2011, defendant pleaded guilty to a felony count of receiving stolen property (Pen. Code, § 496, subd. (a))[1] and a misdemeanor count of resisting arrest (§ 148, subd. (a)).  He also admitted the allegations that he had three prior serious felony convictions that qualified as strikes (§ 667, subds. (b)-(i)) and that he had served two prior prison terms (§ 667.5, subd. (b)).  The trial court subsequently granted defendant's *Romero*[2] motion and dismissed the prior strikes for sentencing purposes (but not for custody credit purposes).  The court suspended imposition of sentence and placed

---

[1]  All further statutory references are to the Penal Code, unless otherwise indicated.

[2]  *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

defendant on probation for five years. The court imposed various terms and conditions of probation, including that defendant "[e]nter and complete a long term residential program." The court also imposed various fines and fees, including a $60 facility fee, a $80 court security fee, a $68 theft fine, a $360 restitution fine pursuant to section 1202.4, a $360 probation revocation restitution fine pursuant to section 1202.44, stayed, pending successful completion of probation, and a $25 monthly probation supervision fee.

In May 2013, the probation department filed a supplemental report and a petition for a violation of probation, alleging that defendant failed to complete the residential program, sustained a new conviction, and failed to keep in contact with probation. Defendant admitted the probation violation. The court sentenced defendant to five years in prison (three years for the receiving stolen property charge and consecutive one-year terms for each of the two prison priors). The court imposed fines and fees that were the "same as those imposed at the original sentencing." These fines included the $68 theft fine fee to be paid "through [California Department of Corrections and Rehabilitation]."

On appeal, defendant contends only that the $68 theft fine must be stricken because it was not authorized by statute.[3] Section 1202.5 authorizes the imposition of a theft fine to specific offenses. Section 1202.5 states in relevant part: "In any case in which a defendant is convicted of any of the offenses enumerated in Section 211, 215, 459, 470, 484, 487, subdivision (a) of Section 487a, or Section 488, or 584, the court shall order the defendant to pay a fine of ten dollars ($10) in addition to any other penalty or fine imposed." Defendant was not convicted of any of the offenses enumerated in section 1202.5. The Attorney General concedes that the fine is unauthorized and must be

_____

[3] In his opening brief, defendant also argued that trial court erred in calculating his custody credits. After the opening brief was filed, the trial court granted defendant's motion to correct the presentence custody credits and amended the abstract of judgment. Defendant subsequently withdrew this argument on appeal.

stricken despite defendant's failure to object to the fine below.  Therefore, we will direct the trial court to amend the judgment, striking the $68 theft fine.

## DISPOSITION

The $68 theft fine is stricken.  As amended, the judgment is affirmed.

_____
RUSHING, P.J.

WE CONCUR:


_____
PREMO, J.



_____
ELIA, J.

4